# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEROY L. JOHNSON,

    Plaintiff,

v.                                             Case No. 8:19-cv-2704-T-60AAS

TAMPA POLICE DEPARTMENT
and DETECTIVE VETTER,

    Defendants.
_____/

## ORDER REVIEWING PLAINTIFF'S CIVIL RIGHTS COMPLAINT

This matter is before the Court on an initial screening of Plaintiff's amended "Civil Rights Complaint." (Doc. 14). The Court dismissed Plaintiff's initial complaint with leave to file an amended complaint. (Doc. 12). Upon review of the amended complaint, the Court finds as follows:

## Factual Background

Plaintiff is currently detained in the Hillsborough County Jail facing a racketeering conspiracy charge and several violations of probation. (Doc. 14 at 4).[1] While these criminal cases are pending against him Plaintiff has filed this action against the Tampa Police Department and Detective Vetter in his official capacity for federal civil rights violations under 42 U.S.C. § 1983. Plaintiff alleges that Detective Vetter was on patrol and racially profiled him. (Doc. 14 at 6). Detective

---

[1] The Court takes judicial notice of state court records in *State v. Johnson*, No. 19-CF-11702 (Fla. 13th Jud. Cir.), *State v. Johnson*, No. 19-CF-3191 (Fla. 13th Jud. Cir.), and *State v. Johnson*, No. 19-CF-2588 (Fla. 13th Jud. Cir.).

Vetter jumped out of his car and drew his gun. (*Id.*). Plaintiff became frightened and ran because Detective Vetter did not identify himself as a police officer. (*Id.*). Detective Vetter ran after Plaintiff and tased him. (*Id.*). Plaintiff suffered mental harm. (*Id.* at 6-7).

Plaintiff claims Defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, his right under Article 1, Sections 2 and 17 of the Florida Constitution, and his rights under Articles 9 and 35 of the Universal Declaration of Human Rights. (*Id.* at 4-5). Plaintiff raises claims of cruel and unusual punishment, "excessive confinement," arbitrary arrest, false imprisonment, and malicious prosecution. (*Id.* at 3).

## **Procedural Background**

Plaintiff's initial complaint raised the same claims against the same defendants. (Doc. 1 at 6-7). Plaintiff further alleged that he had been arrested for second degree murder and shooting into an occupied vehicle. (Doc. 1 at 5). Plaintiff went to trial and was acquitted. (*Id.*).

The Court initially screened and dismissed the complaint. (Doc. 12). Plaintiff failed to allege that there was no probable cause for his arrest in support of his malicious prosecution and false imprisonment claims. (*Id.* at 2-3). The allegation of "arbitrary arrest" was not enough. (*Id.* at 3-4). The right against cruel and unusual punishment only applies to confinement arising from a lawful conviction of a crime. (*Id.* at 4). Plaintiff challenged his pretrial detention. (*Id.* at 4). A violation of his Florida constitutional rights and Universal Declaration of

Human Rights did not support a claim because 42 U.S.C. § 1983 only created a remedy for a wrong committed under federal law. (*Id.* at 4). Plaintiff failed to allege enough in support of his official capacity claims against Detective Vetter and all of his claims against the Tampa Police Department. (*Id.*).

The Court dismissed the complaint with leave to file an amended complaint. (Doc. 12 at 6). The Court now reviews the amended complaint.

## Legal Standard

Federal courts are obligated to initially screen certain civil suits brought by prisoners to determine whether they should proceed. 28 U.S.C. § 1915A(a). The court is required to dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2).

Dismissals for failure to state a claim are governed by Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). While allegations in a pro se complaint are construed liberally, the complaint must still contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## Analysis

The amended complaint is dismissed for the same reasons that the initial complaint was dismissed. The Court adopts the reasons in its prior order. (Doc. 12). Plaintiff did not correct any of the legal deficiencies in the initial complaint.

Plaintiff still fails to allege that he was arrested without probable cause. (Doc. 14 at 6). His claims for malicious prosecution and false imprisonment are again dismissed. (Doc. 12 at 2-3). Plaintiff still fails to challenge confinement arising from any lawful conviction of a crime. (Doc. 14 at 6). His Eighth Amendment cruel and unusual punishment claim is again dismissed. (Doc. 12 at 4). Plaintiff still raises claims under the Florida constitution and the Universal Declaration of Human Rights. (Doc. 14 at 5). Those claims are not cognizable under 42 U.S.C. § 1983 and are again dismissed. (Doc. 12 at 3-5). Plaintiff still names the Tampa Police Department as a defendant, raises claims against Detective Vetter in his official capacity, and fails to allege that the city had any custom or official policy or tacitly authorized or displayed deliberate indifference toward any misconduct. (Doc. 14 at 1, 2). All claims against both defendants are again dismissed. (Doc. 12 at 5-6).

In its prior order, the Court identified the deficiencies in the initial complaint and told Plaintiff how to fix those deficiencies. The Court also advised Plaintiff that "failure to fully and timely comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice." (Doc. 12 at 6). Instead of heeding the Court's advice, Plaintiff filed an amended complaint with the

same claims and the same deficiencies. Plaintiff did add and remove some factual allegations. (Doc. 1 at 5); (Doc. 14 at 6). The new facts still do not support any of the claims in the amended complaint. (Doc. 14 at 6).

In fact, Plaintiff removed allegations that were essential elements of the claims. For example, Plaintiff removed the allegations that he had been charged with second degree murder and shooting into an occupied vehicle and was acquitted of those charges at trial. (Doc. 14 at 6). Plaintiff did so even though the Court's prior order listed all the elements of malicious prosecution which included those allegations. (Doc. 12 at 2). Plaintiff removed all his claims against Detective Vetter in his individual capacity and instead brought claims against him in his official capacity only. (Doc. 14 at 2). Plaintiff did so even though the Court's prior order told Plaintiff that official capacity claims require tacit authorization or a custom or official policy by the city. (Doc. 12 at 6).

Because the Court already identified the deficiencies in Plaintiff's complaint and Plaintiff had an opportunity to cure those deficiencies but failed to do so, the Court dismisses the amended complaint with prejudice. *Bank v. Pitt*, 928 F.2d 1108, 1112-13 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002) (requiring "at least one chance" to amend the complaint before the district court dismisses the action with prejudice); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of

discretion."); *see also Joseph v. Bernstein*, 612 F. App'x 551, 558 (11th Cir. 2015) (affirming dismissal of pro se amended complaint where the district court explained deficiencies in first complaint to plaintiff, allowed plaintiff to correct them, and plaintiff failed to do so); *Barrett v. Scutieri*, 281 F. App'x 952, 954-55 (11th Cir. 2008) (same).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The amended complaint (Doc. 14) is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of July, 2020.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**